UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MACHELLE E. LEE                            CIVIL ACTION NO. 12-cv-1413

VERSUS                                     JUDGE FOOTE

VERNISS S. DILLON, ET AL                   MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

**Introduction**

Machelle Lee ("Plaintiff") alleges that she was a passenger in a pick-up truck driven by Verniss Dillon ("Dillon") when Dillon lost control of the truck and struck a brick wall. Plaintiff filed suit in DeSoto Parish seeking damages for her personal injuries.  She named Dillon, Faithful + Gould, Inc. ("Faithful") and Zachry Industrial, Inc. ("Zachry") as Defendants.

Faithful, which is alleged to be Dillon's employer at the time of the accident, removed the case to this court based on an assertion of diversity jurisdiction.  Plaintiff has filed a Motion to Remand (Doc. 10) in which she asserts that there is not a sufficient amount in controversy to permit removal.  For the reasons that follow, the court finds that Faithful has met its burden with respect to the amount in controversy, so the motion to remand will be denied.

**Amount in Controversy**

Tort plaintiffs who file suit in Louisiana state courts may not specify the numerical value of their damage claim. La. Code Civ. P. art. 893. Plaintiff's petition, in compliance with that rule, did not state the amount of damages sought by Plaintiff. If a defendant removes such a case based on an assertion of diversity jurisdiction, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. The defendant may make this showing by: (1) demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) setting forth the facts in controversy – in the notice of removal or an affidavit – that support a finding of the requisite amount. Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).[1]

**Plaintiff's Allegations**

Plaintiff alleges she was a passenger in Dillon's truck when Dillon lost control of the vehicle, left the roadway, and struck a brick wall.  Para. 6.  The truck then swung around and hit an adjacent wall before the truck came to rest across both lanes of traffic.  Id.  Dillon was arrested and charged with several crimes, including DWI (2nd offense), Reckless Operation, and Drag Racing.  Para. 10.

---

[1] Plaintiff filed this action in state court in 2011, before the January 6, 2012 effective date of The Federal Courts Jurisdiction and Venue Clarification Act of 2011, which added provisions to 28 U.S.C. 1446(c) regarding the assessment of the amount in controversy in removed cases. The Act states that those amendments apply only to removed cases that were filed in state court before its effective date. Accordingly, the Act does not apply to this case.

Plaintiff alleges she sustained severe bodily injuries, including fracturing her L-3 lumbar vertebrae. Para. 14. She was hospitalized in Baton Rouge General Hospital for four days, where she was ordered to strict bed rest and to "lay flat" at all times. Id. Plaintiff was then placed in a brace and transferred to LSU Medical Center for "further neurosurgical intervention," where she remained hospitalized for three more days. Id. Plaintiff seeks the usual litany of damages frequently sought in personal injury litigation – pain and suffering, loss of enjoyment of life, past and future medical expenses, lost wages, and mental anguish – plus interruption of college studies and loss of a scholarship. Para. 16.

**Analysis**

Plaintiff argues that her damages, while significant to her, do not exceed the jurisdictional threshold of $75,000. Plaintiff criticizes Faithful for removing her lawsuit based solely on conclusory allegations and with no additional evidence, such as medical and hospital bills, concerning Plaintiff's actual damages.

Faithful cites the court to several cases where allegations similar to Plaintiff's were sufficient to uphold removal. For example, in Luckett, supra, the Fifth Circuit affirmed removal in a case involving claims for property damage, travel expenses, an emergency ambulance trip, a six day hospital stay, pain and suffering, humiliation, and temporary inability to do housework. In that case, the defendant airline lost the plaintiff's luggage, which contained her heart medication. As a result, plaintiff became ill and was hospitalized for congestive heart failure, pulmonary edema, and respiratory distress. See also Robinson v. Delchamps, 1998 WL 352131 (E.D. La. 1998)(slip and fall; remand denied where plaintiff

alleged nine different types of damages; plaintiff had made numerous physician visits in less than six months of treatment); Nelson v. Family Dollar Stores, 2005 WL 517505 (E.D. La. 2005)(remand denied where defendant's employee pushed a hand truck into plaintiff while she was shopping; plaintiff was knocked into some shelves; plaintiff alleged serious injuries, including a spinal injury which caused headaches, dizziness, and blurred vision).

      After a careful review of the parties' submissions, the court finds that Faithful has met its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Plaintiff's allegations regarding her damages are more serious in nature and degree than in the cases cited above.  Indeed, Plaintiff alleges she suffered a severe back injury (fracture of the L-3) which resulted in a seven days of hospitalization.  Regrettably, neither party provided the court with any information regarding the amount of Plaintiff's past medical expenses.  But common sense suggests that a seven day hospital stay for a severe back injury with neurosurgical intervention would likely generate bills for tens of thousands of dollars.  Of course, Plaintiff's claims for future medical expenses, lost wages, and general damages must also be included in the amount in controversy. See, e.g., Boyd v. K Mart, 1998 WL 151432 (E.D. La. 1998)("With a diagnosis of ruptured cervical disc in the spine and the recommendation that plaintiff undergo cervical surgery, with rehabilitation, involving at least a two day hospital stay, it may be reasonably assumed that the amount in controversy, which includes such items as medical bills, including hospital and physicians' charges, and general damages, exceeds $75,000.")

Defendant also points out that Plaintiff failed to comply with La. C.C.P. art. 893, which requires a plaintiff to state the amount of damages when necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages. Defendant notes that Plaintiff's petition does not include such a statement, and Defendant states that "this Court has held that the absence of such a statement 'creates a strong presumption' in favor of jurisdiction."

The undersigned has previously rejected this argument. If parties may not create subject-matter jurisdiction by express agreement or stipulation, which is well settled, then the mere inaction of the plaintiff (though perhaps in contradiction of a state procedural law) cannot give rise to presumptive federal jurisdiction or satisfy the removing defendant's burden. There must be allegations of fact or other evidence in the record to support a determination of whether the amount in controversy requirement is met. Mere silence or inaction by the plaintiff, without facts to suggest the requisite amount in controversy, cannot satisfy the defendant's burden. Lilly v. Big E Drilling Co., 2007 WL 2407254, *2 (W.D. La. 2007). Most Louisiana federal courts have stated that a plaintiff's failure to include an Article 893 allegation, alone, is insufficient to establish the amount in controversy, but the omission is entitled to "some consideration" in the inquiry. See, e.g., Trahan v. Drury Hotels Co., LLC, 2011 WL 2470982, *4 (E.D. La. 2011); Ford v. State Farm, 2009 WL 790150, *4 (M.D. La. 2009); and Broussard v. Multi-Chem Group, LLC, 2012 WL 1492855, *2 (W.D. La. 2012).

The court also notes Plaintiff did not take Faithful up on its offer to stipulate that the amount in controversy is less than $75,000.  Some courts have stated that such failure to stipulate constitutes evidence that the amount in controversy is in excess of the requisite amount.  Borill v. Centennial Wireless, 2012 WL 1833107 (W.D. La. 2012).  While not conclusive, the court does afford some weight to Plaintiff's refusal to stipulate.

**Conclusion**

Faithful met its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Plaintiff seeks damages for a serious back injury that required seven days of hospitalization.  Plaintiff also alleges that her damages include lost wages, future medical expenses, and several items of general damages.  Plaintiff passed up two opportunities to avoid a federal forum by stating that her damages did not exceed $75,000 – first in compliance with La. C.C.P. art. 893 and second in response to Faithful's offer to stipulate.  All of the allegations and circumstances satisfy the court that federal jurisdiction is proper.

Accordingly, Plaintiff's Motion to Remand (Doc. 10) is denied.  Plaintiff's related request for fees and costs is also denied.  A scheduling conference will be set shortly to discuss a trial date and further scheduling.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of August, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE