UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MACHELLE A. LEE                              CIVIL ACTION NO. 12-cv-1413

VERSUS

VERNISS S. DILLON, ET AL                MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Machelle Lee ("Plaintiff") alleges that she was a passenger in a rented pickup truck driven by Verniss Dillon when Dillon lost control of the truck and struck a brick wall. Dillon was charged with DWI, drag racing, and other offenses in connection with the accident. Plaintiff's original petition filed in state court named Dillon as the sole defendant. She later filed an amended petition that named Faithful + Gould, Inc. and Zachry Industrial, Inc. as additional defendants. Plaintiff alleged that Dillon was in the course and scope of his employment with those two companies at the time of the accident.

While the case was pending in state court, Plaintiff dismissed her claim against Dillon. The judgment of dismissal states that the suit is dismissed "as to VERNISS S. DILLON, in his individual capacity, except to the extent of the policy limits of any other liability insurance policies not connected with AVIS BUDGET GROUP, INC., including, but not limited to, any insurance connected with employer(s) of VERNISS S. DILLON, that may have provided coverage to and for VERNISS S. DILLON as of February 5, 2010, with full prejudice."

Faithful + Gould removed the case based on diversity jurisdiction. It soon filed a motion for summary judgment on the grounds that Dillon was not in the course and scope of his employment at the time of the 2:00 a.m. accident. Plaintiff did not oppose the motion, and it was granted. Plaintiff voluntarily dismissed her claim against Zachary.

While Faithful + Gould's motion for summary judgment was pending, Plaintiff filed a second amended complaint to add new defendants State Farm and GEICO. She alleged that Verniss Dillon was a member of the household of Anna Dillon, his mother, and Anna had auto liability policies with State Farm and GEICO that provided coverage for the accident. State Farm was later granted summary judgment after it produced an affidavit in which the witness testified that State Farm never issued a policy to Anna or Verniss Dillon.

Before the court is GEICO's Peremptory Exception of No Right of Action (Doc. 56), which is not a filing recognized by the Federal Rules of Civil Procedure. The court will treat it as a motion to dismiss pursuant to Rule 12(b)(6). GEICO, the sole remaining defendant, argues that the Louisiana Direct Action statute allows an action to be brought against an insurer alone only when a statutory exception applies, and none of the exceptions are applicable. Plaintiff responds that the insured, Dillon, was a defendant when the action was brought, and his later dismissal does not prevent the direct action against GEICO.

The Louisiana Direct Action statute, La. R.S. 22:1269 provides that "[t]he injured person ..., at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido ... ." A 1988 amendment to the

statute added: "However, such action may be brought against the insurer alone only when" one of six conditions, such as insolvency, death, or bankruptcy of the insured exists. None of those conditions are alleged in this case.

The statute was recently applied in Soileau v. Smith True Value and Rental, ___ So. 3d ___, 2013 WL 3305265 (La. 2013). The plaintiff in that case named as defendants the Smiths and Hartford, their insurer. On the third day of trial, the attorney for the plaintiff orally moved to dismiss the Smiths, and the court granted the request. The next day, Hartford filed an exception of no right of action based on the Direct Action Statute. It asserted that the statute required the suit be against both the insurer and its insured, and the claims against both must be continued throughout the lawsuit.

The Supreme Court of Louisiana focused on the word "brought" in the statute and held that the legislature used it as in "initially filed" or "commenced" and, in enumerating the six circumstances that allow a direct action against the insurer alone, was clearly speaking only to a direct action commenced against the insurer alone. The court reasoned that the six circumstances in the statute were not implicated if the action is brought against both the insured and the insurer, regardless of whether the insured tortfeasor is later dismissed.

Plaintiff argues that Soileau squarely supports the continuation of her claim against GEICO. Plaintiff in this case did not, however, name both Dillon and GEICO in her original petition, so the facts are a bit different. The court finds that the same result should nonetheless apply because Dillon (like the Smiths) was a defendant when the case was brought (initially filed) in state court. This was not a direct action commenced against

GEICO alone. Although Dillon had been dismissed from the case by the time GEICO was named in the amended complaint, there is no meaningful distinction between those facts and the facts in Soileau that would suggest the Supreme Court of Louisiana would reach a different result in this case. Section 1269 does not bar this action from proceeding against GEICO even though Dillon has been dismissed and GEICO now stands alone.

GEICO argues that, even if such a reading of the statute is embraced, the relation back doctrine requires a different result. But the result would not change if the amended complaint that named GEICO is treated as relating back to the initial petition. Dillon was a named defendant in that petition, so both insured and insurer would be deemed present at the initiation of the suit. Accordingly, GEICO's **Peremptory Exception of No Right of Action (Doc. 56)**, treated as a motion to dismiss, is **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of February, 2014.

_____
Mark L. Hornsby
U.S. Magistrate Judge